UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LaShanta White,<br><br>              Plaintiff,<br><br>v.<br><br>Alliance Health Networks, Inc.,<br><br>              Defendant. | Civil Action No.: 4:13-cv-00930<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, LaShanta White, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, LaShanta White ("Plaintiff"), is an adult individual residing in Fort Worth, Texas.

4. Defendant Alliance Health Networks, Inc. ("AHN"), is a Utah business entity with an address of 9 Exchange Place, Suite 200, Salt Lake City, Utah 84111.

## FACTS

5. Within the last four years, AHN contacted Plaintiff by placing daily calls to Plaintiff's cellular telephone.

6. At all times referenced herein, AHN placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7. Plaintiff has no prior business relationship with AHN and never gave her consent to be contacted on her cellular telephone.

8. When answering each of Defendant's ATDS calls, Plaintiff heard an extended period of silence prior to being connected to a live representative.

9. During the initial phone conversation, Plaintiff informed AHN she was not interested in its services and requested that AHN cease all calls to her.

10. Thereafter, AHN continued to hound Plaintiff with ATDS calls on her cellular phone, much to Plaintiff's frustration and annoyance.

11. Moreover, Plaintiff was forced to answer countless calls from AHN to repeat her request that it cease calling her cell phone.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, AHN called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using a prerecorded or artificial voice.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will

answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

15. AHN's telephone system appears to be a predictive dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before AHN's telephone system would connect her to the next available representative.

16. Upon information and belief, AHN's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Upon information and belief, Plaintiff did not provide her cellular telephone to AHN nor her consent to be contacted on her cellular telephone, and in fact repeatedly instructed AHN to stop all calls to her.

18. AHN continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by AHN was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from AHN to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Each of the aforementioned calls made by AHN constitutes a violation of the TCPA.

22. As a result of each of AHN's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of each of AHN's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful or intentional pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 20, 2013

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW, L.L.C.
14785 Preston Road, Suite 550
Dallas, Texas  75154

*Counsel To:*
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff